### In re JULES BOUY & CO., Inc.

#### (District Court, S. D. New York. February, 1917.)

1. BANKRUPTCY ⬤═326—SET-OFF—CLAIM OF ACCOMMODATION INDORSER OF BANKRUPT'S NOTE.

   The trustee in bankruptcy, having paid the note of the bankrupt, cannot set off the amount thereof against the claim of an accommodation maker or indorser of the note.

2. SUBROGATION ⬤═2—APPLICABILITY—ACCOMMODATION INDORSER.

   The doctrine of subrogation cannot be invoked to render the accommodation maker or indorser of a note liable to the person who was primarily obligated.

In Bankruptcy. In the matter of Jules Bouy & Co., Incorporated, bankrupt. Review of an order of the referee denying a set-off. Referee's report confirmed.

Leo Oppenheimer, of New York City, for trustee.

Charles E. Le Barbier, of New York City, for Charles S. Allen.

AUGUSTUS N. HAND, District Judge. Charles E. Allen had a claim of $9,952.71 against the bankrupt, which he assigned to his wife more than four months prior to the filing of the petition in bankruptcy. He was indorser or maker of certain notes, aggregating $8,500, which were issued in the course of business transactions of Jules Bouy et Cie., a partnership, the assets and liabilities of which the bankrupt corporation took over. The trustee in bankruptcy was obliged to pay these notes to the holders, and now wishes to offset them against the above claim of $9,952.71.

[1] The referee held that this could not be done, and I think he was right. As between the bankrupt and Allen, he was an accommodation maker or indorser; Jules Bouy et Cie., the old partnership, being the party primarily liable. While Allen would be liable to the holder of the notes, he was not liable as between himself and that firm, or as between himself and the bankrupt corporation, who succeeded to their liabilities.

[2] The doctrine of subrogation is invoked, and it is urged that the trustee is subrogated to the rights of the holders of the note. The rule of subrogation, however, cannot properly be invoked to render the accommodation maker or indorser liable to the person who was primarily obliged as between these parties to meet the obligation.

The right of offset, therefore, does not exist, and the referee's report should be confirmed.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes